FRANK LINDIA *vs.* WALSH-KAISER COMPANY, INC.

MAY 26, 1950.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This is an original petition under the workmen's compensation act, general laws 1938, chapter 300. After a hearing in the superior court the trial justice denied and dismissed the petition and a final decree was entered in accordance with such decision. The case is before us on employee's appeal from that decree.

The petitioner claimed compensation for total disability from August 21, 1945 to December 1945 and for partial disability thereafter as the result of injury arising out of and in the course of his employment on August 21, 1945. His testimony established that while in respondent's employ as a crane operator he sustained an accidental injury on November 6, 1943 when he slipped and struck his back against the rear tire of a crane; that he lost no time from work as a result thereof, but received medical attention and then continued work as a dispatcher of cranes until the general layoff at respondent's shipyard in August 1945; that he then resumed work as a crane operator on a small P & H type crane. Previously he had about five years' experience as an operator of all kinds of cranes. On August 21, 1945 he started to work on the larger type Gantry crane. On that date, according to the testimony, he was operating the crane at approximately half capacity, the brakes were in proper working order, he applied them in his ordinary

and usual manner, and while so doing he felt a pain in his back.

He did not return to work after that date but on August 24, 1945 he consulted Dr. John K. Livingston, a chiropractor, who found his condition to be the same as it was on June 22, 1945 when, following treatment for the earlier accident of November 6, 1943, he had discharged the petitioner as "well" and capable of doing laborious work.

Doctor Herbert E. Harris, an orthopedic surgeon, examined the petitioner on September 25, 1945. He received a history of the accident sustained in November 1943, but *no history* of an accident occurring on *August 21, 1945*. Based upon the history given him by the petitioner he expressed the opinion that the condition he diagnosed was attributable to the accident of November 1943.

It is clear from the record that this cause was tried on the theory that petitioner sustained an injury by *accident* on August 21, 1945, the only date set forth in the petition. In passing upon this issue specifically the trial justice stated in his decision: "Interpreting the petition herein liberally, we have come to the conclusion that clearly it is based and relies upon the accident of August 21, 1945. That is the date the injury is alleged to have been received. The date of November 6, 1943 does not appear. When petitioner states 'he was previously hurt as a result of a fall while at work for same employer', he is referring to the injury only by way of description as regards the anatomical location thereof."

At no time did the petitioner move to amend his petition to include the accident sustained on November 6, 1943. Petitioner's proof of an *accident* was specifically directed to the occurrence of August 21, 1945. Upon the testimony presented, the trial justice was required to determine only whether petitioner had established an accidental injury sustained on August 21, 1945 arising out of and in the course of his employment with respondent. The decree appealed from sets forth the following findings of fact:

"(1) That the injury incurred on August 21, 1945 was not the result of an accident. (2) That said injury was not an aggravation or recurrence of the previous injury of November 6, 1943. (3) That said injury did not result from any unusual or abnormal exertion by petitioner prior to the injury which was due to his work or other conditions of his employment."

We have repeatedly pointed out that under the provisions of the act, chap. 300, art. III, §6, findings of fact in the absence of fraud are conclusive and binding on this court and are not subject to review. *William H. Haskell Mfg. Co.* v. *Smith*, 72 R. I. 161; *Brown & Sharpe Mfg. Co.* v. *Vincent*, 73 R. I. 309.

From a careful examination of the transcript we are of the opinion that there is legal evidence to support the first and third findings. It appears from the transcript that petitioner was performing his regular work in the usual manner; that the crane was carrying a load of about one half its capacity; that the brakes were in good working order and that he applied them in his ordinary and usual manner; and that he did not twist or slip or fall. There is no evidence of any unusual condition or abnormal exertion on the part of the petitioner.

We are also of the opinion that the second finding of fact, that the injury complained of was not an aggravation or recurrence of the previous injury of November 6, 1943, was not necessary to a decision by the trial justice in the instant case, since such issue was not properly before him for determination. It was therefore superfluous and may properly be disregarded. Since the first and third findings are supported by legal evidence, under our well-established rule we cannot disturb the decree so far as it is based thereon. However, since the second finding relates to an issue that was not before the court for determination it should be eliminated from the decree.

The petitioner's appeal is sustained in part, the decree appealed from is modified as above set forth; otherwise it

is affirmed, and the cause is remanded to the superior court for further proceedings.

*James L. Taft, James F. Murphy,* for petitioner.
*Boss & Conlan, James C. Bulman,* for respondent.